No. 7
## WHEELING & LAKE ERIE RY. CO. v. SNYDER et
Ohio Appeals, 7th Dist., Harrison Co.

991. RAILROADS—Where under federal control, court erred in eliminating Director General as party defendant.

355. DAMAGES—Claim for damages because of "liability and danger of flooding in the future" of property, is too remote, vague and conjectural, and will not be permitted.

ROBERTS, J.

This action was originally commenced in the Harrison Common Pleas by Bernice Snyder against the Wheeling & Lake Erie Railway Co., the P. C. C. and St. L. R. R. Co., and Walker D. Hines as Director General of Railroads, to recover damages for injuries claimed to have been sustained by her in the flooding of two tracts of real estate owner by her, by reason of the alleged negligent conduct of said Companies and Director General.

Snyder alleged the Companies constructed a bridge over a certain creek which adjoined her land and that by reason of such construction the channel of the creek had been narrowed and the flow of water was thus obstructed. It was further claimed that silt and debris had been permitted to accumulate under the bridges so that by reason of an insufficient outlet the water was caused to dam up and flow on her lands, July 17, 1919 causing $500 damage. The second cause of action was for $500 also for the flooding of her land, on August 6, 1919. It was sought also to recover $500 damages for danger of flooding in the future.

The trial court instructed the jury to return a verdict in favor of Hines, but submitted to the jury for consideration the claims against the railroad companies. Upon refusal of the court to accept two verdicts, the jury submitted a verdict against the Wheeling & Lake Erie Co. for $827.51, upon which judgment was rendered.

Error was prosecuteed and it was claimed that the court erred in submitting to the jury the third cause of action. Another proposition complained of was the submission of the case as against the Company and the eliminating from the action as defendant in the trial court, the Director General of Railroads. It was further contended by the Company that at the time of the floods in question it had no control over its property, that its property was under absolute control of the Government, operated by the Director General; and that responsibility for matters complained of was with the government and not with it. The Court of Appeals in reversing the lower court held:

## STATE COURT OF APPEALS—Continued

1. The first and second causes of action included all the damage which the property sustained by reason of the flood conditions.

2. The claim of damages in the third cause of action is, in its nature, remote, vague and conjectural. Further damages, after those permitted in the first and second cause of action, could not be permitted unless the injury was permanent in its nature.

3. "An action for obstruction of surface water by a railroad embankment is not for a single permanent injury which accrues with the making of the embankment, but an action accrues with each injury from failure to keep the ditch open."

4. It would be manifestly unjust to charge the railroad company with lessened permanent value of the real estate in question by reason of a past temporary condition which may be at any time, and perhaps already has been wholly removed.

5. It is not to be assumed as a matter of law that the Company, if permitted to continue in charge of its property, would not have corrected any objectionable conditions, to the extent that this disaster would not have occurred.

6. The Federal Government had control for a considerable period of time before the floods, with opportunity to remedy objectionable conditions and to prevent harm to adjacent owners, and a responsibility for the flood rests, so far as actionable wrong may exist, if at all, upon the power controlling and operating the railroad at the time of the injury.

7. The weight of authority is, under circumstances such as shown in the instant case, that responsibility rests with the Federal Control, and the Director General, and not the railroad company should be the proper defendant.

8. The Director General of Railroads should not have been eliminated as a defendant in this action.

Judgment reversed.

Attorneys—N. K. Kennon, St. Clairsville, for Company.